# Ely v. Gammel.

*Qui Tam Action for improperly issuing Marriage License.*

1. *Qui tam action against probate judge for improperly issuing marriage license; what complaint sufficient.* — In a *qui tam* action against a probate judge for improperly issuing a marriage license, the complaint is not demurrable because it fails to state the sex of the persons named in the license, or that a marriage was solemnized under it, or, in the case of a minor, that the parents or guardian resided in this State.

2. *Same.* — The defect, if it be one, of such complaint for failing to allege the residence of the female in the county in which the license issued, if not objected to below, is cured by verdict and judgment. Non-residence of the female in the county in which the marriage license issues, does not invalidate the license or render void the marriage solemnized under it.

3. *License; whose consent to necessary.* — Where the father has actual, rightful custody of the minor, he alone can consent to the issue of the license. Proof of acts of adultery on the part of the father during the subsistence of the marriage relation with the mother of the minor does not of itself forfeit the father's right to the custody and control of the child, so as to authorize the mother, contrary to his wishes, to give a valid consent to the issue of the license.

APPEAL from City Court of Montgomery.

Tried before Hon. JOHN D. CUNNINGHAM.

This was a *qui tam* action brought by Zach Gammel against George Ely, probate judge of Montgomery county, to recover the penalty given by statute for improperly issuing a marriage license authorizing the solemnization of the rites of matrimony between Robert Garvin and Emily Gammel. It is alleged in the complaint that said Emily was under eighteen years of age, and had not had a former husband, and that the license was issued without the consent of the parents or guardians, given either personally or in writing. The complaint also alleged Ely's qualification and authority as judge, &c., but did not state in what county either of the parties mentioned in the license lived.

[Ely *v.* Gammel.]

The complaint was demurred to, 1. Because the sex of the persons named in the license was not shown. 2d. Because it did not appear that any marriage was ever solemnized under it. 3d. Because it did not allege that said Emily had a parent or guardian residing in the State. The demurrer was overruled.

On the trial Zach Gammel, the plaintiff, and father of Emily, testified that on the day she was born he entered her birth in a family Bible, and introduced the Bible, the entry in which showed that said Emily was born on the 8th of May, 1857, and was not seventeen years of age on January 4, 1874, the day on which the license issued, and she married. He never gave his consent to the marriage or issue of the license. On cross-examination plaintiff testified that about two years prior to the trial he quit and abandoned his first wife, who was the mother of Emily, and who is still living, and when he abandoned her left Emily with her, and she remained there several months until plaintiff sent her to Georgia, where she remained four or five months, and then plaintiff put her to board with a Mrs. Burke. Emily had been with Mrs. Burke a short while when she left one evening and was married. A short time after this plaintiff obtained a divorce from the mother of Emily, and married his sister-in-law. Plaintiff bought the Bible about three years after his marriage in 1844, and had owned it many years when he recorded the birth of Emily. The counsel for defence then called witness' attention to the fact that the title-page to the Bible showed that it was printed long after 1857; whereupon he said he must be mistaken in some way about it. The defendant then introduced as a witness the mother of said Emily, and first wife of the plaintiff, who testified that some two years ago plaintiff abandoned witness and her daughter, and left them together; that before he abandoned her as well as afterwards, plaintiff several times visited the house of the widow of his deceased brother at late hours of the night, pulled off his clothes and went to bed with her, staying all night. This conduct was known to witness long before and at the time of the marriage of Emily. Witness gave her consent to the marriage, was present at the ceremony, and approved it. On motion of the plaintiff, the evidence of this witness as to the adultery on part of plaintiff and her consent to the marriage was excluded from the jury, and the defendant duly excepted.

The court charged the jury in substance that if Ely was probate judge and issued the license without the consent of the plaintiff, and that Emily was a female under eighteen years of age at the time, not having had a former husband, then the jury should find for the plaintiff, &c.

The action of the court in excluding the evidence and the charge excepted to are now assigned for error.

RICE, JONES & WILEY, for appellant.

SANFORD & MOSES, *contra.*

JUDGE, J. — 1. The city court committed no error in over-ruling the demurrer to the complaint; for neither one of the grounds thereof assigned was well taken; and neither one is insisted upon by appellant in this court. We deem it unnec-essary to notice them in detail.

2. But it is contended that the complaint will not support the judgment rendered, because it does not contain a substan-tial cause of action, in that it does not aver that the female named in the license resided in the county in which the license was issued; and section 2338 of the Revised Code is relied upon as authority for this position. That section provides that " no marriage shall be solemnized without a license to be issued by the judge of probate of the county in which the female resides," &c.; and by section 2342 of the Code, the judge of probate incurs a penalty of five hundred dollars for issuing a license to marry contrary to this or any other provision of the Code relating to that subject. We cannot therefore presume, at the instance of the judge of probate, that he improperly issued the license in this respect; nor can we agree with counsel for the appellant, that the residence of the female in the county in which the license is issued " is an essential jurisdictional fact without the existence of which the license, if issued, is a nullity." If improperly issued, the probate judge incurs a penalty for the act; but neither the license nor the marriage which may be solemnized thereunder is void.

If it be necessary to a good complaint in a case like the present, that it should contain an averment that the residence of the female was in the county in which the license was issued, the omission to make the averment could be taken advantage of by demurrer, and if the demurrer should be sustained, the defect might be cured by an amendment. But a trial on the merits, followed by a verdict and judgment in favor of the plaintiff, without objection on account of the omission, would cure the defect; and the complaint containing a substantial cause of action, the judgment would stand. Such is the aspect of the present case.

3. The right of a father to the custody and control of his infant female child, we admit, may, in a proper case, be for-feited by misconduct at the instance of the child, or at the in-stance of some one moving to that end in behalf of the child. But we are at a loss to perceive how the misconduct of the father, sought to be proved by his first wife in the present case, could operate as a justification to the probate judge for im-

[Robinson v. State.]

properly issuing the marriage license. The father seems to have bestowed upon his daughter proper care and attention, and he had the right to her custody and control, which right had never been forfeited ; and his assent was necessary to the proper issue of the marriage license by the probate judge. The city court, therefore, committed no error in excluding the proposed evidence of the father's misconduct ; it had no proper relevancy to the issue on trial, and the charge given by the court to the jury was also free from error.

The judgment of the city court is affirmed.