149 So. 225

## WALLACE v. SCREWS.

### 2 Div. 520.

. Court of Appeals of Alabama.

March 21, 1933.

Rehearing Denied June 6, 1933.

See, also, 225 Ala. 187, 142 So. 572.

G. C. Walker, of Clanton, and L. H. Ellis, of Columbiana, for appellant.

Arthur M. Pitts, of Selma, for appellee.

RICE, Judge.

Qui tam action, brought by appellant, in the court below, against appellee, a justice of the peace in and for precinct No. 22 in Dallas county, seeking the recovery of the penalty mentioned in Code 1923, § 9004. The trial court sustained appellee's demurrers to the single count of her complaint; whereupon she declined to plead further but suffered a judgment of nonsuit, etc., and brings the cause here under the provisions of Code 1923, § 6431.

The complaint alleges that appellant, a resident, at the time, of Chilton county, was married by appellee, in Dallas county, to one Charlie Fowler, under and in pursuance to the authority conferred upon appellee— or, as appellant would have us believe, *withheld from* appellee—by a marriage license regular upon its face issued by the probate judge of Jefferson county.

■■ We think when sections 8995, 8998, and 9004 of the Code of 1923 are read and considered together, as they are due to be, it is apparent that the trial court ruled correctly.

Appellee, the justice of the peace, acted within his jurisdiction (Code, § 8995, supra); appellant, with her "Lochinvar," presented to him a license, regular, so far as appeared, in all respects, issued by the judge of probate of Jefferson county, with nothing to show, so far as is disclosed by the complaint, that appellant did not reside in Jefferson county. Code, § 8998, supra.

Under these circumstances we are of the opinion, and hold, that no recovery could be had against appellee, by *appellant*, of all persons, but by any person, under the provisions of Code, § 9004, supra.

Appellant and her spouse were possessed of a "license as required by this chapter," mentioned in said section 9004. If said license was improperly issued, according to the provisions of section 8998, i. e., that provision stipulating that it was "to be issued by the judge of probate of the county in which the woman resides," this was a matter for which said justice of the peace could not be held responsible.

As said in 38 C. J. p. 1311 (§ 79): "A Clergyman (or, we interpolate, a Justice of the Peace acting within his statutory authority) marrying a couple is not put upon inquiry as to whether the license was lawfully issued, and is under no obligation to do anything more than to satisfy himself that the document was in proper form and duly authenticated." And see Ely v. Gammel, 52 Ala. 584.

The judgment of the lower court is affirmed.

Affirmed.